[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10596
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 3, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01407-CV-ORL-19DAB

OSCAR THOMAS,

Petitioner-Appellant,

versus

SECRETARY, DOC,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 3, 2007)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Oscar W. Thomas, a <u>pro se</u> Florida prisoner serving three concurrent 28-year

sentences for drug trafficking and armed robbery, appeals the district court's denial

of his federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, in which

he challenged his drug trafficking conviction and sentence based on trial counsel's failure to effectively advise him to plead guilty and not proceed to trial.[1] We issued a certificate of appealability ("COA") to consider whether the district court erred by denying Thomas's claim that his counsel was ineffective for failing to convey a plea offer from the state in a timely manner, along with advice concerning the potential punishments Thomas faced.[2] After careful review, we affirm the district court's judgment denying habeas relief.[3]

We review de novo a district court's denial of a habeas petition under 28 U.S.C. § 2254 and its factual findings for clear error. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). Habeas petitions based on ineffective assistance of counsel present "a mixed question of fact and law requiring application of legal principles to the historical facts of the case." Coulter v. Herring 60 F.3d 1499, 1503 (11th Cir.1995). Although "the state court's findings of historical fact on the

---

[1] In a separate § 2254 petition, Thomas asserted the same argument in challenging his related armed robbery convictions. Another district judge in the United States District Court for the Middle District of Florida denied the other § 2254 petition. No. 6:05-CV-1103, at doc. 18 (M.D. Fla. Apr. 21, 2006). The court specifically found that Thomas had acknowledged and was advised that he could be punished with life imprisonment for the armed robberies in connection with the 13 year plea offer. Thomas did not seek appellate review of this order.

[2] To the extent Thomas raises arguments other than the one on which we granted a COA, we will not address them. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

[3] We DENY AS MOOT Thomas's motion for appointment of counsel for oral argument.

2

issue are entitled to a presumption of correctness," the court's "conclusion on this mixed question is not entitled to a presumption of correctness under 28 U.S.C. § 2254(d)." Coulter, 60 F.3d at 1503 (citing Collins v. Francis, 728 F.2d 1322, 1346 (11th Cir. 1984)).

In reviewing a state court's decision denying habeas relief, a federal court is prohibited from granting habeas relief unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends,

3

or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id.

To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 688. Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"When a defendant pleads guilty on the advi[c]e of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences." Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir. Mar. 1981).[4] We have commented that "[t]he right to competent plea bargain advise is at best a privilege that confers no certain benefit," because a defendant "may make a wise

---

[4]The decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

decision" without assistance of counsel or a "bad one despite superior advice from his lawyer." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984). "[C]ounsel need only provide his client with an understanding of the law in relation to the fact, so . . . an informed and conscious choice between accepting the prosecution's offer and going to trial" is made. Id. This requires counsel to "offer his informed opinion as to the best course to be followed" and impart "a general knowledge of the possible legal consequences of facing trial" to the defendant. Id.. Therefore, a defendant's failure to "correctly assess every relevant factor entering into his decision" does not undermine a validly entered guilty plea. Id. at 1509. Where a defendant does not accept an offered plea agreement, he "'must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial.'" Coulter, 60 F.3d at 1504 (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)). Thus, the cases in which a habeas petitioner can prevail are few and far between. Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000) (en banc).

Here, before his jury trial on the drug charges, Thomas rejected a plea offer to serve 13 years for his pending drug and robbery charges. Shortly after the guilty verdict, Thomas agreed to plead guilty to the robbery charges in exchange for concurrent 28-year sentences on the robbery and drug charges. In his federal

5

habeas petition, Thomas alleged that, if he had been effectively represented prior to trial, he would have accepted the 13-year plea offer. The state habeas court rejected this very claim, citing Strickland and concluding that Thomas failed to satisfy either Strickland prong, because he failed to provide any additional facts regarding the nature and timing of the 13 year offer, nor did he assert that he would have accepted the offer and pled guilty if he had been fully informed.

The district court likewise rejected Thomas's ineffectiveness claim, finding Thomas's allegations concerning when he learned about the 13-year offer were too vague and conclusory to sufficiently state a claim for ineffective assistance of counsel under § 2254. Moreover, the district court found, to the extent Thomas raised this very claim in state court, the state court's denial of the claim was on the merits and not contrary to nor an unreasonable application of federal law. Indeed, the state habeas court identified the controlling federal precedent for such claims (Strickland) and found Thomas satisfied neither of the prongs for an ineffective-assistance claim. On this record, Thomas failed to satisfy the requirements of 28 U.S.C. § 2254(d)(1), (2). Accordingly, the district court correctly denied habeas relief.

**AFFIRMED**.